FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH J. MOORE,<br><br>              Plaintiff,<br><br>   v.<br><br>JOHN AND JANE DOE(S) nursing staff at Washington State Penitentiary's Health Services Building, PAC SIR REYES, DR. RICHARD L. HENDERSON, DR. TIMOTHY G. CAUDILL, PA JOSHUA WICKS, RN RACHELLE A. MOORE, RN ERICA A. POWELLE, RN MEGHAN E. DESMOND, and CORRECTION OFFICERS JANE/JOHN DOE(S),<br><br>              Defendants. | NO: 4:23-CV-5142-TOR<br><br>ORDER DISMISSING ACTION |

Before the Court is Plaintiff's First Amended Complaint ("FAC"), ECF No. 7, a Motion to Request Discovery, ECF No. 8, and a Motion to Request Additional Relief, ECF No. 9. The Court was advised that these documents, initially received on January 9, 2024, were illegible and needed to be rescanned and resubmitted at the

ORDER DISMISSING ACTION -- 1

incarcerating facility. The motions were then dated for January 11, 2024, received, and docketed on that date. ECF Nos 8 and 9. The FAC is dated December 25, 2023. ECF No. 7 at 10. Plaintiff, a prisoner at the Washington State Penitentiary ("WSP"), is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

## AMENDED COMPLAINT

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981))*, overruled in part by Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendants Corrections Officer #7819, Corrections Officer #7400, and RN Megan shall be **TERMINATED** from this action and Correction Officers Jane/John Doe(s) shall be **ADDED**.

Although granted the opportunity to do so, however, Plaintiff did not sufficiently identify any Jane/John Doe(s) or state what individual Jane/John Does did which violated his constitutionally protected rights. *See* ECF No. 6 at 7.

ORDER DISMISSING ACTION -- 2

Consequently, all Jane/John Doe Defendants will be dismissed from this action for failure to state a claim against them upon which relief may be granted.

## FIRST AMENDED COMPLAINT

Plaintiff asserts a Fourteenth Amendment right to refuse lifesaving medical treatment. ECF No. 7 at 3. He contends that "[p]rivate party respondents found at Providence Hospital utilize the deprivation-of-liberty devices (shackles) of the government, in concert with prison medical provider & D.O.C. officers, to coerce my signature onto their medical consent form after I specifically: refused to see Dr. Henderson (amputating surgeon, M.D.), refused to be displaced to the Hospital & refused to be amputated approximately 48 hours before I was amputated." *Id.* at 3. Plaintiff states that "said private party respondents & prisoner medical provider coerced my signature to their medical consent while knowing I was visually impaired to reading-&-writing . . . & I required speech assistance [as documented in his 2017 criminal trial]." *Id.* He asserts "medical battery" under R.C.W. § 7.70.030. *Id.* at 4. He also claims that the amputation of half of his leg constitutes cruel and unusual punishment under the Eighth Amendment. *Id.*

Plaintiff contends that the surgeon and hospital staff, as well as his medical provider from WSP, communicated on a "white board," throughout the surgery, knowing that Plaintiff could not read it because he did not have his glasses. *Id.* at

5–8. Plaintiff contends that "[w]hat you end up with is a matter of forced consent by deprivation-of-liberty government shackles." *Id.* at 6.

Plaintiff asserts a general right to refuse medical treatment and cites the Supreme Court decision in *Cruzan v. Dir., Mo. Dept. of Health*, 497 U.S. 261 (1990). In the prison context, a Fourteenth Amendment violation arises where "prison medical personnel perform[] major medical procedures upon the body of any inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of imprisonment or prison security." *Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974). Plaintiff's allegations do not support a Fourteenth Amendment violation.

Plaintiff appears to assert that there was "no reason for the amputation." ECF No. 7 at 4. He accuses unidentified persons of "refus[ing] to medicate" the "everlasting pain of their amputation." *Id.* Plaintiff asserts that "approximately 48 hours before the amputation" he "den[ied] the amputation," stating, "Sir Reyes, I just can't accept an amputation below the bandage." *Id.* at 4, 6. This statement, in context, does not support an inference that Plaintiff refused amputation forty-eight hours prior to the surgery.

Plaintiff attaches the following three-page, non-sequential, written dialogue dated November 8, 2022, between himself and Jon Reyes, PA-C:

> Mr. Moore, I am confused.  I explained to you on the Kite that you're scheduled for surgery (amputation) this week, to include me going with you

ORDER DISMISSING ACTION -- 4

to the hospital. Yet now you tell me that its all in my "imagination" and to "cancel the imaginary amputation." Do you or do you not want to have surgery? I can't keep doing this every 2 weeks.  We have gone above and beyond by cutting corners to have you have this surgery.  The surgeon is willing to amputate before ever seeing you first.  He's willing to do this without advanced imaging.  He [sic] willing to do the surgery by "epidural," even though this is normally done by general anesthesia.  I am personally willing to go to the hospital given your fears about officers "abusing" you. (I haven't done this in the 12 years that I've worked for DOC, not to mention that on your surgery day, I will be off of work and will thus be coming in on my day off to help you with this.) Again, Do you or do you not want to have surgery?

I need surgery Sir Reyes[, . . .] yes, without surgery, this condition will kill me.

I am telling you that as long as you allow, they will do Surgery.  Believe me, I would not be coming in on my day off if I didn't believe you were having surgery.  I will reiterate, that a lot has been done to make this surgery happen.  Will you go to surgery? Yes/No

What will Dr. Henderson do to me?  Please sign & date this dialog between us.

He is planning on amputating your infected foot/leg. We've gone over this multiple times.

Please join me, and thank-you for time on your day off.  I just don't want Dr. Henderson to be concerned about my bandages, in fact, I just want him to ignore the bandaged area because I don't believe it has the integrity To heal correctly.  If he will cut it above the bandage, I think his skill-set will be greatly rewarded.

Dr. Henderson will evaluate you right before surgery.  I can't speak for him but the goal is to amputate your infected foot/leg; he will make the determination on how far to go up the leg based on his expertise.

M.R.S.A. is challenging here, yes?  He has to get above it.

ORDER DISMISSING ACTION -- 5

> No, we treat MRSA in prison all the time.  It's a matter of the appropriate antibiotic – or in your case the appropriate surgery.  But you have to comply, otherwise we are both wasting our time.  Are you willing to go to surgery this week?
>
> Yes, can you cause the Transport Team To split the seam of the right-leg of the suit I will wear,  They did it the first effort we had.  They don't need to cuff my bad leg right?
>
> I can talk to them about that when we are here to take you down (cutting the pant leg).  Custody has approved to <u>not</u> cuff the right leg; they will cuff the left leg with belly-chain at the waist.
>
> Very cool [smiley face] Thanks for the visit . . . .
>
> Please don't cancel on the day of the surgery.  I would much rather you do it now vs then as it would cause a lot of problems for the surgeon downtown on the day of surgery.  I promise that I am doing all that I can to get your infection taken care of.  I've given Dr. Henderson <u>my word</u> that I will also do all I can to get you the help that you need. Please don't make me look bad.
>
> [Smiley face] Sir Reyes, I just can't accept an amputation below the bandage, <u>everything</u>, was is still damaged,  It has to go Sir. Reyes.  please understand me.
>
> I completely understand.  I will support you in this request when <u>we</u> go and speak to Dr. Henderson.

ECF No. 7 at 56–58.

Read in context, Plaintiff's extracted statement does not support any inference that he was unaware of the reason for being transported to the hospital on November 10, 2022, or that he unequivocally denied consent to an amputation surgery.  Indeed, he acknowledges that without the surgery, the condition will "kill" him.  *Id.* at 58.  Plaintiff has presented no facts from which the Court could infer that prison medical

ORDER DISMISSING ACTION -- 6

1  personnel performed a major medical procedure that was not required to preserve
2  Plaintiff's life.  *Runnels*, 499 F.2d at 735.

3      Plaintiff has not shown that medical personnel at Providence Medical Center
4  were persons acting under color of state law while conducting an amputation
5  procedure.  It is certainly reasonable that a prisoner would be shackled while
6  transported to a hospital for a surgical procedure.  The fact that medical personnel at
7  a hospital agreed to perform surgery on a prisoner does not confer the status of
8  "prison medical personnel" on those persons.  *See Florer v. Congregation Pidyon
9  Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).  Plaintiff has failed to state a
10 claim for relief under 42 U.S.C. § 1983 against Defendants Dr. Richard L.
11 Henderson, Dr. Timothy G. Caudill, PA Joshua Wicks, RN Rachelle A. Moore, RN
12 Erica A. Powelle, and RN Meghan E. Desmond, medical personnel at Providence
13 Medical Center.  Accordingly, these Defendants shall be dismissed**.**

14     Plaintiff contends that he is "not receiving medication for ischemia or my
15 deadly contagion." *Id*. at 5.  He does not state when or by whom he has been denied
16 treatment deemed medically necessary.

17     Plaintiff asserts, "[a]fter amputation, the life threatening contagion persisted
18 & was cured with intravenous antibiotics in the prison." *Id*. at 6.  Plaintiff's
19 subsequent assertions are unclear.  *Id*.  The Court finds that his contentions regarding
20 his communication impairments during his 2017 state court criminal proceedings

ORDER DISMISSING ACTION -- 7

and any reasons for his audio challenges, *id.* at 7, are not relevant to a life-saving medical procedure performed in November 2022. *Id.*

Plaintiff indicates only that "Dep't of Corrections officers [presumably Jane/John Doe(s)] displaced [him] to Providence on 11/10/22." *Id.* at 8. The Court can infer no constitutional violations by these officers.

Plaintiff contends, "I needed debridement too. And there were other measures to save my limb." *Id.* at 5. Again, Plaintiff presents no facts showing when or who denied him medically necessary treatment.

That Plaintiff subsequently experienced phantom pain and was treated with gabapentin, *see id.* at 60, does not support either an Eighth or Fourteenth Amendment claim against Defendant Reyes or outside medical personnel who provided the amputation.

Next, Plaintiff asserts that he was subjected to "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. ECF No. 7 at 8. Plaintiff appears to allege that on an unspecified date, a person not named as a defendant to this action "ramm[ed] [his] plainly visible discolored extremity with a bloodpressure trolly thereafter leaving additional wounding." *Id.* Plaintiff contends that this is a "collective group attack that resulted in [his] leg amputation." *Id.* at 9. Plaintiff does not state when this occurred or any facts from which the Court could infer that a person named as a Defendant to this action was deliberately indifferent to

Plaintiff's serious medical needs. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). His conclusory assertions of a "collective group attack" are unsupported by any factual allegations.

Plaintiff's assertions regarding bandaging, and leg rests that were confiscated but subsequently returned by a surgeon, ECF No. 7 at 9, are similarly devoid of factual allegations showing named Defendants were deliberately indifferent to Plaintiff's serious medical needs. *Hudson,* 503 U.S. at 9. Likewise, Plaintiff's assertions of "biological warfare" utilizing the "chemically engineered" and "deadly contagion," MRSA, ECF No. 7 at 9–10, do not state a cognizable claim against the named Defendants.

Having granted Plaintiff the opportunity to amend or voluntarily dismiss his complaint, the Court finds that further amendment would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Therefore, this action is dismissed for failure to state a claim upon which this Court may grant relief, but without prejudice to the pursuit of claims in state court.

The Court understands that by declining to exercise pendent jurisdiction over any potential state law claims, and having failed to serve any supplemental

ORDER DISMISSING ACTION -- 9

jurisdiction claims, this dismissal will not count as one of the qualifying dismissals under 28 U.S.C. §1915(g).  *See Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

**ACCORDINGLY**, **IT IS ORDERED:**

1. The First Amended Complaint, ECF No. 7, is **DISMISSED without prejudice.**

2. This dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).  *See Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

3. All pending Motions are **DENIED as moot.**

4. Plaintiff's *in forma pauperis* status is hereby **REVOKED.**

5. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The Clerk of Court is directed to enter this Order and Judgment accordingly, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** January 23, 2024.



THOMAS O. RICE
United States District Judge